UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDEE JACOBSON, | Case No. C17-5252-JPD |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the Commissioner of Social Security's motion to dismiss. Dkt. 10. Specifically, the Commissioner asserts that plaintiff, who is proceeding *in forma pauperis* ("IFP"), failed to timely initiate this action challenging the denial of plaintiff's claim for disability benefits under Titles II and XVI of the Social Security Act ("SSA"). *Id*. at 2; Dkt. 10-2 at ¶ 1 (Chung Decl.). Plaintiff contends that due to delayed receipt of the Notice of Appeals Council Action ("the Notice"), the applicable mailing presumption does not apply, and the Commissioner's motion to dismiss should be denied because plaintiff's case has been timely filed within the statute of limitations. Dkt. 12. After careful consideration of the Commissioner's motion to dismiss, plaintiff's response, the

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 1

parties' declarations, the governing law, and the balance of the record, the Court DENIES the Commissioner's motion to dismiss, Dkt. 10, and finds that plaintiff's action may proceed as filed.

## II. BACKGROUND

In October 2013, plaintiff filed applications for disability insurance benefits and supplemental security income with the Social Security Administration. Dkt. 10-2 at 8 (Chung Decl.). Plaintiff's claims were denied initially and upon reconsideration, so plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id*. She appeared and testified at a hearing held in April 2015, and submitted supplemental evidence after the hearing, which was admitted and considered upon review. *Id.* On July 31, 2015, an ALJ issued a final decision denying plaintiff's claims for benefits. *Id*. at 5. Thereafter, plaintiff sought to review the ALJ's unfavorable final decision. *Id.* at 20. The Appeals Council found no applicable reason under its rules to reexamine the ALJ's final decision and denied plaintiff's request, issuing the Notice dated January 27, 2017. *Id.* at 20–21; Dkt. 7 at ¶ 9.

Plaintiff maintains that she "never received the Notice of the Appeals Council decision," which denied her benefits and outlined the requirements of seeking review in federal court. Dkt. 7 at ¶ 9; Dkt. 13 at ¶ 5 (Jacobson Decl.). However, although plaintiff did not personally receive a copy, her administrative attorney, Vickie Brewer, received the Notice on February 4, 2017. Dkt. 7 at ¶¶ 9–10; Dkt. 7-1 at ¶ 2 (Brewer Decl.) ("I received the Notice of the Appeals Council decision on February 4, 2017."). At that time, Ms. Brewer contacted Christopher Dellert, plaintiff's counsel in the instant action, about pursuing an appeal in federal court. Dkt. 7-1 at ¶ 3 (Brewer Decl.); Dkt. 7-2 at ¶ 2 (Dellert Decl.) ("Vickie Brewer… contacted me about the Appeals Council denial via email on February 4, 2017.").

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 2

Mr. Dellert received plaintiff's signed fee agreement and IFP application on March 31, 2017 and filed plaintiff's complaint on April 4, 2017, without having ever obtained a copy of the Notice from Ms. Brewer, plaintiff, or the Appeals Council. Dkt. 7-2 at ¶¶ 5, 6, 9 (Dellert Decl.). A copy of the Notice was finally sent to Mr. Dellert on April 10, 2017, at which point he "determined that the 65-day limit to file (60 days, plus five for mailing) [presumed from the date on the Notice] had expired." *Id.* at ¶ 10. To verify the statute of limitations deadline, he "contacted Ms. Brewer and determined that she had not received the notice until February 4, 2017." *Id.* at ¶ 11. Plaintiff filed an amended complaint on April 12, 2017, supported by declarations from both attorneys explaining plaintiff's failure to receive the Notice and Ms. Brewer's delayed receipt of the Notice beyond the typical five-day presumption. Dkt. 7; Dkt. 7-1 (Brewer Decl.); Dkt. 7-2 (Dellert Decl.).

The Commissioner moves to dismiss plaintiff's amended complaint, arguing that "Plaintiff failed to bring this action within 60 days of receiving notice of the Commissioner's final decision. . ." Dkt. 10 at 1. Consistent with applicable regulations, plaintiff is presumed to have received the Notice five days after the January 27, 2017 date of issuance (printed on the Notice), on February 1, 2017. *Id.* at 3. The Commissioner asserts that when the sixty-day statute of limitations is calculated from the February 1, 2017 presumed date of receipt, plaintiff had until April 2, 2017 to timely file her civil complaint. *Id.* The Commissioner further acknowledges that because this deadline fell on a Sunday, under court rules, plaintiff had until the following Monday, April 3, 2017 to timely file. *Id.*[1] Because plaintiff did not

---

[1] Importantly, the Commissioner has incorrectly calculated the sixty-day statute of limitations as beginning from the day *of* presumed receipt, as opposed to the day *after* presumed receipt. Dkt. 10-2 at 22 (Chung Decl.) ("The 60 days start the day after you receive this letter."); 20 C.F.R. § 422.210(c). By the Court's calculation, if it is presumed that plaintiff received notice on February 1, 2017, the statutory period began the day after, on February 2,

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 3

initiate this civil suit until April 4, 2017, one day too late, defendant argues the complaint is untimely. Dkt. 1.

The Commissioner's motion to dismiss is supported by the declaration of Nancy Chung, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations at the Office of Disability Adjudication and Review ("ODAR"), the individual responsible for processing SSI and DIB claims whenever a civil action has been filed in Washington. *See* Dkt. 10-2 at ¶ 3 (Chung Decl.). In her declaration, Ms. Chung provides that "on July 31, 2015, an Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under Titles II and XVI, and mailed a copy thereof to the plaintiff (Exhibit 1 [to Ms. Chung's Declaration]). Thereafter, the plaintiff requested review of this decision." Dkt. 10-2 at ¶ 3(a) (Chung Decl.). Ms. Chung states that in response to plaintiff's request for review, "on January 27, 2017, the Appeals Council sent, by mail addressed to the plaintiff at [her home address], with a copy to his [sic] representative, notice of its action on the claimant's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 2)." *Id.*

The Notice instructs the claimant: "[y]ou have 60 days to file a civil action (ask for court review) . . . The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it *unless you show us that you did not receive it within the 5-day period.*" *Id.* at 22 (emphasis added). The Notice also indicates that an extension of time to initiate civil action may be requested if the claimant has "a good reason for waiting more than 60 days to ask for court review." *Id.* Neither party claims that plaintiff

---

2017, and extended to April 3, 2017. However, the Commissioner's error does not affect the outcome of this case.

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 4

or her attorneys sought an extension of time.  *See* Dkt. 10-2 at ¶ 3(b) (Chung Decl.).

Plaintiff argues that even after defendant filed the instant motion to dismiss, she had not yet received a copy of the Notice.  Dkt. 12 at 2; Dkt. 13 at ¶ 5 (Jacobson Decl.).  As a result, she must rely on the sworn declarations of her counsel, both of whom maintain that the Notice was first received by plaintiff's administrative attorney, Ms. Brewer, on February 4, 2017, three days later than the date of receipt presumed by the Commissioner.  Dkt. 7-1 at ¶ 2 (Brewer Decl.); Dkt. 7-2 at ¶ 2 (Dellert Decl.).  Plaintiff contends that these declarations are sufficient to overcome the mailing presumption which establishes a date of receipt for purposes of appeal.  Dkt. 12 at 2.

### III. ANALYSIS

#### A. Civil Actions Challenging the Final Decision of the Commissioner are Subject to a Sixty-Day Statute of Limitations Pursuant to 42 U.S.C. § 405(g)

A Social Security claimant may obtain review of a final decision of the Commissioner by commencing a civil action in the district court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  In relevant part, 42 U.S.C. § 405(h) provides that "[n]o findings of facts or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Sections 405(g) and (h) act as a statute of limitations establishing the sixty-day time period in which a claimant may appeal a final decision of the Commissioner.  *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).  Thus, the sixty-day period is not jurisdictional; the only jurisdictional requirement of Section 405(g) is that there be a final decision of the Commissioner after the claim for benefits has been presented to the Administration.  *See id.*; *see also Mathews v. Eldridge*, 424

U.S. 319, 328 n.9 (1976). As a statute of limitations, and because the SSA was designed to be "unusually protective" of claimants, the deadline is also subject to equitable tolling.[2] *Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *see also Meyerzove v. Bowen*, 852 F.2d 1289, 1289 (9th Cir. 1988); *Troupe v. Colvin*, No. C12-1687-RSL, 2013 WL 4041474, at *4 (W.D. Wash. Aug. 7, 2013).

Implementing regulations explain that the presumptive date of receipt of the Notice can be extended based upon a sufficient showing by the claimant:

> Any [such] civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *is received by the individual, institution, or agency*, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, *unless there is a reasonable showing to the contrary*.

20 C.F.R. § 422.210(c) (emphasis added).

Absent "a reasonable showing to the contrary," the Commissioner is entitled to a rebuttable presumption that the claimant received notice of the Appeals Council's decision five days after the decision letter issuance. *Id.*; 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show [the Social Security Administration] that you did not receive it within the 5-day period."). Notice may be received by either the claimant or counsel. 20 C.F.R. § 404.1715(b) ("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you."); *see also Fista v. Comm'r of Soc. Sec.*, 141 F.3d 1175 (9th Cir. 1998) (finding earlier notice of the final decision properly mailed to claimant's attorney displaces assertions of later receipt by

---

[2] In this instance, however, neither party has argued that equitable tolling is applicable.

claimant). Where a timely request is made to the Appeals Council in writing and a claimant can show "good cause for missing the deadline," an extension of the sixty-day filing cutoff date will be granted by the Commissioner. 20 C.F.R. § 404.982; 20 C.F.R. § 422.210(c). A showing that neither the claimant nor counsel "receive[d] notice of determination or decision" within the presumed timeframe is one of many "circumstances where good cause may exist." 20 C.F.R. § 404.911(b)(7).

  B. <u>Plaintiff Rebutted the Mailing Presumption By Showing Delayed Receipt, and Therefore, Her Complaint Was Filed Within the Sixty-Day Limitations Period</u>

As detailed above, on January 27, 2017, the Appeals Council issued the Notice denying plaintiff's request for review and advising that she had sixty days from receipt to file a civil action challenging the Commissioner's decision. Dkt. 7 at ¶ 8; Dkt. 10-2 at ¶ 3(a) (Chung Decl.). Because plaintiff did not request an extension of time from Appeals Council, the Commissioner presumes that plaintiff received the notice five days after the decision date. 20 C.F.R. § 422.210(c). Thus, under the regulations, plaintiff had until April 3, 2017, to timely file. *See id.*; Dkt. 10 at 2. However, because plaintiff never personally received a copy of the Notice, the deadline by which plaintiff's claims become barred by the statute of limitations depends on the date her counsel received the Notice. *See* 20 C.F.R. § 404.1715(b); Dkt. 13 at ¶ 5 (Jacobson Decl.) ("I never received the Notice of Appeals Council decision.").

The Court finds that plaintiff has made a "reasonable showing" that her administrative attorney, Ms. Brewer, received the Notice, but not within the five-day period of the statutory mailing presumption. Two attorneys have submitted sworn statements to the Court, attesting to counsel's receipt of the Notice on February 4, 2017. Dkt. 7-1 at ¶ 2 (Brewer Decl.); Dkt. 7-2 at ¶ 2 (Dellert Decl.). The Court finds no reason why these declarations are insufficient to

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS - 7

successfully rebut the presumption afforded to the Commissioner. Implementing regulations like 20 C.F.R. § 422.210(c) do not create a statutory mandate or unrebuttable date of receipt; on the contrary, the presumption can be overcome by a "reasonable showing" that receipt of the Notice was delayed. Neither party has submitted, nor is the Court aware of, any binding precedent which strictly defines "a reasonable showing" in this context. Although some courts have held that declarations claiming delayed receipt are "bare allegations" insufficient to overcome the presumption afforded to the Commissioner, this Court is not inclined to call into question the honesty of attorneys who have submitted sworn statements under penalty of perjury. *But see Rivera v. Sec'y of Health & Human Servs.*, 39 F.3d 1188 (9th Cir. 1994) (unpublished opinion); *McCall v. Bowen*, 832 F.2d 862 (5th Cir. 1987); *Thompson v. Colvin*, No. 3:16-CV-05442-KLS, 2016 WL 6126028, at *2–3 (W.D. Wash. Oct. 19, 2016) (finding affidavits of claimant and his attorney "insufficient to rebut the presumption of notice" and dismissing action filed three days late). Accordingly, the Court finds that the date plaintiff's counsel received notice was February 4, 2017, and the mailing presumption no longer applies.

Further, the sixty-day period within which to seek hearing and reconsideration of denial of a claim for disability insurance benefits begins to run *from the day after notice is received*, in this case, on February 5, 2017. Dkt. 10-2 at 22 (Chung Decl.) ("The 60 days start the day after you receive this letter."); 20 C.F.R. § 422.210(c). Plaintiff's last day to timely initiate this action to review the denial of her disability benefits was Thursday, April 6, 2017, two days after plaintiff's counsel filed the complaint. Dkt. 1; Dkt. 7-2 at ¶¶ 5, 9 (Dellert Decl.). Taking into account plaintiff's reasonable showing of delayed receipt of the Notice, this action has been timely filed within the statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss, Dkt. 10, is DENIED, and this case may proceed as filed.

DATED this 11th day of August, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge