UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDEE JACOBSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. C17-5252-JPD<br><br><br><br>ORDER |

Plaintiff Brandee Jacobson appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 42-year-old woman with a high school diploma and two years of college education. Administrative Record ("AR") at 49. Her past work experience includes employment as a motel housekeeper, retail inventory control supervisor, hospital cafeteria helper, and retail store manager. AR at 301. Plaintiff was last gainfully employed in

ORDER - 1

November 2011. *Id.*

In October 2013, Plaintiff applied for SSI and DIB, alleging an onset date of November 1, 2011. AR at 273-86. Plaintiff asserts that she is disabled due to left shoulder problems, possible attention deficit disorder, post-traumatic stress disorder, right foot problems, pituitary issues, and arthritis. AR at 300.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 222-25, 228-29, 232-33. Plaintiff requested a hearing, which took place on April 8, 2015. AR at 43-145. On July 31, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform her past relevant work, as well as a specific job existing in significant numbers in the national economy. AR at 26-37. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 1-7. On April 4, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Jacobson bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On July 31, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since November 1, 2011, the alleged onset date.

3. The claimant's affective disorder, anxiety disorder, personality disorder, degenerative disk disease of the cervical spine, and left side carpal tunnel syndrome are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with additional limitations. She is able to stand and/or walk for 2-hour intervals for a total 8 hours a day with normal breaks. She is able to sit for 2-hour intervals for a total of 8 hours a day with normal breaks. She cannot climb ladders, ropes, or scaffolds. She can perform occasional overhead reaching or lifting. She can have only occasional exposure to extreme cold or hazards. She can crawl frequently. She is able to remember, understand, and carry out instructions and tasks generally required by occupations with a specific vocational preparation code of 1-2. She should be assigned work that can be completed without the assistance of others, but assistance would not be precluded. She should not work in a team setting. She can have occasional, superficial interaction with the general public. Work tasks should not require planning or goal setting.

6. The claimant is capable of performing past relevant work as a housekeeper, and, in the alternative, can perform other jobs that exist in significant numbers in the national economy.

7. The claimant has not been under a disability, as defined in the Act, from November 1, 2011, through the date of the decision.

AR at 28-36.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting the opinion of examining psychologist

ORDER - 5

1 | Russell Bragg, Ph.D.;

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

3. Whether the ALJ erred in discounting a statement written by Plaintiff's friend, Ginger Peterhansen.

Dkt. 19 at 1.

VII. DISCUSSION

A. <u>The ALJ did not err in discounting Dr. Bragg's opinion.</u>

Dr. Bragg examined Plaintiff in November 2013, and completed a DSHS form opinion. AR at 387-90. The ALJ discounted Dr. Bragg's opinion in light of the contrary opinion of John Lloyd, Ph.D., who performed neurocognitive testing that was more thorough than the mental status examination performed by Dr. Bragg. AR at 34. The ALJ also noted that Dr. Bragg did not review any of the medical record and his opinion was therefore based on only his one-time examination of Plaintiff. *Id.* Lastly, the ALJ found Dr. Bragg's opinion regarding Plaintiff's social functioning to be inconsistent with the medical record as well as Plaintiff's work history. *Id.* The Court will consider Plaintiff's challenges to the ALJ's assessment of Dr. Bragg's opinion.

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other

ORDER - 6

evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

  2. *Record review*

The ALJ noted that Dr. Bragg did not review any of Plaintiff's treatment records, and examined Plaintiff only once. AR at 34. The depth of a provider's relationship with a claimant is a proper consideration, when weighing a provider's opinion. *See* 20 C.F.R. §§ 404.1527(c), 416. 927(c). The ALJ noted that the State agency reviewers had access to more of the record than any other physicians. AR at 33.

Plaintiff emphasizes that the State agency reviewers only had access to the treatment notes, which is true, but does not dispute that, as found by the ALJ, they had access to more documents than did Dr. Bragg. Dkt. 19 at 3. The ALJ reasonably concluded that Dr. Bragg's opinions as to Plaintiff's ability to learn new tasks and complete a normal workday/workweek

in particular lacked foundation, in light of Dr. Bragg's lack of knowledge as to Plaintiff's longitudinal records. AR at 34. This reasoning is specific and legitimate.

3. *Dr. Lloyd's testing*

The ALJ also noted that Dr. Lloyd's test results were more thorough and therefore more compelling than Dr. Bragg's test results. AR at 34. Plaintiff argues that this finding was "superfluous" because the ALJ's RFC assessment is more consistent with Dr. Bragg's opinion than Dr. Lloyd's opinion. Dkt. 19 at 4. This argument does not establish error in the ALJ's decision, because it only identifies consistency between the ALJ's RFC assessment and Dr. Bragg's opinion. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Consistency between the ALJ's decision and Dr. Bragg's opinion does not tend to show that the ALJ erred in discounting Dr. Bragg's opinion. Accordingly, the Court does not find error in the ALJ's finding that Dr. Lloyd's testing was more thorough than Dr. Bragg's, and therefore entitled to more weight.

4. *Social limitations*

The ALJ found that Dr. Bragg's opinion that Plaintiff had several marked/severe social limitations (AR at 390) was inconsistent with her ability to interact appropriately with her medical providers, live with a roommate, and visit friends, as well as her ability to work for years as a retail store manager. AR at 29, 33, 34. Although Plaintiff argues that her ability to work in the past is not relevant (Dkt. 19 at 4), this argument is not persuasive in light of her allegation that she had experienced mental symptoms for her entire life, as explained *supra*. Furthermore, although Plaintiff emphasizes that she had problems leaving her bed and home (Dkt. 19 at 5), as found by the ALJ, Plaintiff also reported participating in a variety of activities outside her home. AR at 33. The ALJ's citation to evidence inconsistent with Dr. Bragg's

ORDER - 8

opined limitations is a specific and legitimate reason to discount Dr. Bragg's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

B. <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

The ALJ provided three reasons to discount Plaintiff's subjective testimony, citing (1) objective medical evidence that is inconsistent with or fails to corroborate Plaintiff's allegations; (2) Plaintiff's ability to work despite her alleged mental limitations; and (3) Plaintiff's ability to interact with others and use the bus and her bicycle for transportation shows that she was more limited than alleged. AR at 31-33. Plaintiff argues that these reasons are not legally sufficient and/or inaccurate.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the

claimant's testimony.[2] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *Medical evidence*

The ALJ pointed to inconsistencies in the objective medical evidence that undermined Plaintiff's allegations. For example, the ALJ cited clinical notes dated mere days apart, where Plaintiff reported dramatically different symptoms. AR at 31-32. The ALJ also explained that Plaintiff's providers occasionally noted abnormal symptoms, but most treatment notes indicated mild or minimal deficits. AR at 32-33. The ALJ also found that Plaintiff's reported three suicide attempts in 2013 were not corroborated in the record.

Plaintiff argues that the ALJ erred in finding that the variability between her reports

---

[2] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016, and not applicable to the 2015 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER - 10

undermined her veracity, because she reported that her symptoms waxed and waned, and therefore variability was not inconsistent with her allegations. Dkt. 19 at 6-7. Plaintiff also argues that the mild or minimal deficits noted by the ALJ did not contradict her allegations. Dkt. 19 at 7-8. Lastly, Plaintiff argues that the ALJ overlooked the fact that her administrative record did not contain records from California, where Plaintiff was living at the time of her suicide attempts, which explains why they are unsubstantiated in the record. Dkt. 19 at 8-9.

Plaintiff has not shown that the ALJ erred in assessing the objective medical record. The ALJ acknowledged that Plaintiff sometimes reported functional limitations, but accurately described the record as demonstrating mostly normal functioning, even when Plaintiff was not taking medication. The ALJ also found that Plaintiff's allegedly disabling physical limitations caused by carpal tunnel syndrome and her neck problems were inconsistent with her conservative treatment and lack of prescribed pain medication (AR at 33), and Plaintiff did not specifically challenge this reasoning in her briefing. Contrary to Plaintiff's briefing (Dkt. 19 at 7), the ALJ identified specific inconsistencies in the medical record that undermine Plaintiff's allegations, and this reasoning is clear and convincing.

Plaintiff's argument regarding the omitted records is also not persuasive. Plaintiff reported to Dr. Bragg that she slit her throat with a knife and ingested an entire bottle of Benadryl in July 2013, and tried to light herself on fire in September 2013. AR at 387-88. Plaintiff argues that the records dating to those time periods were not included in the administrative record, and suggests that the ALJ erred in failing to obtain those records. Dkt. 19 at 9. But it is Plaintiff's obligation to present the evidence necessary to establish her claim. *See* 20 C.F.R. §§ 404.704 ("When evidence is needed to prove your eligibility or your right to continue benefit payments, you will be responsible for obtaining and giving the evidence to us."), 416.912 ("You must inform us about or submit all evidence known to you that relates to

whether or not you are blind or disabled . . ."). The ALJ did not err in considering the extent to which Plaintiff's allegations were corroborated by the evidence in the record. *See* AR at 89-90 (ALJ's discussion of the record with Plaintiff's attorney).

3. *Work history*

The ALJ noted that Plaintiff testified that her mental symptoms have existed most of her life, and could not explain why she had been able to work in the past but could not now. AR at 33. Plaintiff argues that her suicide attempts indicate that her condition worsened after she stopped working, and that subsequent (unspecified) records indicate that her symptoms were disabling, even if she could not explain why. Dkt. 19 at 9.

An ALJ does not err in considering whether a claimant had formerly worked with the same symptoms now described as disabling. *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs."); *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) ("Furthermore, substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time."). Plaintiff has not cited any evidence in the administrative record indicating that her symptoms worsened since she last worked, and this contention contradicts her own hearing testimony that her symptoms were lifelong. *See* AR at 78-81. Under these circumstances, the ALJ did not err in finding that Plaintiff's ability to work with the same symptoms undermined her allegation of disability.

4. *Social interaction*

The ALJ found that although Plaintiff had alleged that she was unable to leave her bed most days and could not interact with other people, she also reported that she had spent time

with friends on weekends, had a roommate, completed household chores, used the bus, and frequently walked and rode her bicycle for transportation. AR at 33. Plaintiff argues that the activities cited by the ALJ were isolated events, and did not represent her overall functioning during the adjudicated period. Dkt. 19 at 10-11. Plaintiff also contends that the ALJ's reference to her walking, riding her bicycle, and taking the bus were unexplained and therefore erroneous.

As noted by the Commissioner, the activities listed by the ALJ were mentioned throughout the administrative record, and not only sporadically. *See* Dkt. 21 (citing AR at 388, 522, 534-35, 583, 595). Plaintiff had not, however, alleged that she could not leave her bed; she testified that she stayed in bed all day at least three days per week (AR at 103), but also described activities performed on other days (AR at 103-21). Thus, Plaintiff's reports of activities performed outside her room do not contradict her testimony, because she did not testify that she was bedridden. The ALJ overstated Plaintiff's allegations in this respect, but this error is harmless in light of the remaining valid reasons to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

C. <u>The ALJ did not err in discounting Ms. Peterhansen's statement.</u>

The ALJ considered Ms. Peterhansen's statement, and found that it described generally the same allegations made by Plaintiff and was therefore discounted for the same reasons Plaintiff's statements were discounted. AR at 34. The ALJ also noted that Ms. Peterhansen asserted that Plaintiff can attend appointments, which suggests that she can leave her house when she needs to. *Id*.

An ALJ's reasons to discount a lay witness statement must be germane. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Because, as explained *supra*, the ALJ did not err in discounting Plaintiff's own testimony, the ALJ did not err in discounting Ms. Peterhansen's

ORDER - 13

similar testimony. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

## VIII. CONCLUSION

The role of this Court is limited. As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas,* 278 F.3d at 954. While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 4th day of December, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 14